IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**EX PARTE ARIZONA HALL, JR.**                                                                                     **PLAINTIFF**

**V.**                                                                             **NO. 4:21-CV-173-DMB-JMV**

**UNITED STATES, et al.**                                                                  **DEFENDANTS**

**ORDER**

After United States Magistrate Judge Jane M. Virden issued a report recommending that Arizona Hall's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), Hall filed objections and multiple other documents (including some motions) challenging the recommendation. Because the Court concludes that Hall's objections are without merit, (1) the objections will be overruled; (2) the Report and Recommendation will be adopted; (3) Hall's various other motions will be denied as moot; and (4) this case will be dismissed.

**I**
**Procedural History**

On December 27, 2021, Arizona Hall, Jr. filed a complaint in the United States District Court for the Northern District of Mississippi against the United States, "John Does," State of Mississippi Governor Phil Bryant, City of Cleveland Judge Albert B. Smith, State of Missouri Governor Jeremiah W. (Jay) Nixons, and the City of St. Louis. Doc. #1. Alleging that his 2012 extradition from Mississippi to Missouri was unlawful because of alleged defects in a Missouri indictment, Hall seeks:

> (1) a trial by jury under Article III, Section 2 of the United States Constitution; (2) that the Court appoint an attorney to represent [him] due to the seriousness of the allegations against white State government officials; (3) … an order of writ of error vacating the convictions and sentences as a persistent offender; (4) … money damages of $252,000.00 for four years of involuntary servitude n the BCRCR, CJC, and Missouri Department of Corrections (MoDoc) without due process of Missouri

> Supreme Court laws …; (5) … an order that [his] claim of kidnapping to be maliciously prosecued [sic] is not barred by Mississippi statute of limitation 99-1-5; (6) …[an] order that [he] is restored all civil and constitutional rights upon completion of an unconstitutional parole supervision; and (6) … other relief ….

Doc. #1 at 17–18.

On April 8, 2022, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation ("R&R") recommending Hall's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Doc. #12. The recommendation of dismissal is based on Judge Virden's conclusion that Hall's complaint fails to state a non-frivolous claim for the following reasons:

> The defendants named in this case cannot be held liable under § 1983 because of judicial, sovereign, or prosecutorial immunity. … [T]he § 1983 claims asserted to have arisen out of [Hall's] pre-trial extradition from Mississippi to Missouri following his arrest on assault charges for which he was subsequently convicted in 2013 in Missouri, are barred under Mississippi's three-year statute of limitations; [Hall's] effort to recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his Missouri conviction violates the rule in *Heck v. Humphrey* … ; and, as to [Hall] invoking 18 U.S.C. §§ 241-242, those statutes do not provide a basis for civil liability.

*Id.* at PageID 154–55.

Hall filed objections to the R&R on April 20, 2022. Doc. #13. Hall subsequently filed additional documents, including exhibits to his objections, a motion for leave to file a supplemental complaint, "judicial notices," a motion for an evidentiary hearing, and a motion for judgment as a matter of law. Docs. #15 to #21, #25, #27, #29 to #33. Despite their various titles, these filings mostly challenge Judge Virden's conclusions in the R&R and seek various forms of relief arising from the "dismissal" by the R&R.

## II
## Standard of Review

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "[W]here there is no objection, the

Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)). The Court "need not consider frivolous, conclusive, or general objections." *BeatStars, Inc. v. Space Ape Ltd.*, __ F. Supp. 3d __, 2022 WL 4128534, at *5 (W.D. Tex. Aug. 26, 2022) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

### III
### Analysis

Hall's objections—which are less than clear—seem to be based on his argument that his 2013 Missouri conviction is invalid due to a faulty indictment. Doc. #13 at 9. He argues that governors and state officials are not entitled to immunity where a plaintiff is "seeking to impose individual and personal liability on the official" and that the City of St. Louis can be held liable "if an alleged constitutional deprivation is the result of an official policy or custom." *Id.* at 5. Hall also objects to the application of Mississippi's three-year statute of limitations and to *Heck v. Humphrey*. Doc. #13 at 6. He contends that the statute of limitations "does not apply to a suit in equity to vacate void judgments" and that "applying Humphrey is like putting the cart before the horse" because "under Missouri Supreme Court law McQueen th[ere] can be no trial, conviction or punishment." *Id.*

Judge Virden correctly determined that many of the named defendants would be entitled to various types of immunity. With respect to Judge Smith, the only allegations referencing him concern proceedings to extradite Hall and "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions."[1]

---

[1] While Hall lists the United States as a defendant in the caption of his complaint, the body of the complaint only references "white judges of the United States." Doc. #1 at 2. These unnamed judges would be entitled to the same absolute immunity.

3

*Walker v. Mississippi*, No. 21-60442, 2021 WL 4618467, at *1 (5th Cir. Oct. 6, 2021) (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). With respect to the two governors named in the complaint, "[s]tate officials and agencies enjoy [sovereign] immunity when a suit is effectively against the state." *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020).

Hall's § 1983 claims are also subject to dismissal for additional reasons. Specifically with respect to the City of St. Louis, Hall wholly fails to allege that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right" as required for municipal liability.[2] *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018). Even if the various defendants were not entitled to immunity and Hall properly stated a claim against them, all of Hall's § 1983 claims are barred by Mississippi's three-year statute of limitations, which the R&R correctly recognized and applied. *See Turnage v. Britton*, 29 F.4th 232, 244 (5th Cir. 2022) ("In Mississippi, the limitations period for section 1983 claims is three years."). And because "judgment in [Hall's] favor would necessarily imply the invalidity of his [Missouri] conviction or sentence" and since Hall has not shown "that his conviction or sentence has already been invalidated," dismissal pursuant to *Heck* is warranted. *Phillips v. Texas*, 855 F. App'x 205, 206–07 (5th Cir. 2021) (internal quotation marks omitted) (quoting *Heck*, 512 U.S. at 484 n.4, 487)).

To the extent Hall alleges a claim for kidnapping and civil conspiracy under 18 U.S.C. §§ 241-242, these statutes do not provide a basis for civil liability. *See Gill v. Texas*, 153 F. App'x 261, 262 (5th Cir. 2005).

Because all of Hall's objections are without merit, they will be overruled, the R&R will be

---

[2] Even had Hall named a specific individual, rather than the City, because his claims all arise from the wording of the indictment, that individual would be entitled to absolute immunity because these actions are "intimately associated with the judicial phase of the criminal process." *Wearry v. Foster*, 33 F.4th 260, 266 (5th Cir. 2022).

4

adopted, and Hall's claims will be dismissed. Having found dismissal warranted, the Court will deny as moot Hall's remaining motions—which, as noted above, mostly challenge the R&R's findings.[3]

## IV
## Conclusion

Hall's objections to the Report and Recommendation [13] are **OVERRULED**. The Report and Recommendation [12] is **ADOPTED** as the order of this Court. Hall's pending motions [21][27][33] are **DENIED as moot**. This case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED**, this 22nd day of December, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Additionally, the motion for leave to file a supplemental complaint is substantively and procedurally deficient because it essentially parrots the allegations in Hall's original complaint and fails to attach a separate proposed amended complaint. The "judicial notices" all repeat Hall's allegations and/or attempt to raise new related meritless claims. And given the reasons for the R&R's conclusions and the rulings on Hall's objections, no evidentiary hearing is required and judgment as a matter of law is not appropriate.